## ANNEXATION OF PART OF VILLAGE TO ADJACENT CITY.

Circuit Court of Cuyahoga County.

HENRY BACH v. F. H. GOFF.

Decided, February 8, 1904.

*Municipal Corporations—When Annexation of Adjacent Territory Complete.*

1. A proceeding to contest an election, under Sections 572-573, Revised Statutes, being a special proceeding before a special tribunal, the finding of that tribunal is final and not reviewable on error.
2. The annexation by county commissioners of part of a village to an adjacent city, upon application of the city council and the written request of two-thirds of the voters of the territory to be annexed, is not completed until the city council has, by ordinance or resolution, accepted the annexation as provided in Section 1591, Revised Statutes.

*Pinney & Warner,* for plaintiff in error.
*F. H. Goff,* contra.

WINCH, J.; HALE, J., and MARVIN, J., concur.

Error to the court of common pleas.

Proceedings were begun in 1902 before the county commissioners of Cuyahoga county for the annexation of the second ward of the village of Glenville to the city of Cleveland. At the spring election in Glenville in 1903 the voters in said second ward voted for mayor of the village of Glenville.

If said voters of the second ward were entitled to vote in the village of Glenville, defendant in error was duly elected mayor of said village. If they were not entitled to vote in said village, C. C. Shellentrager was elected mayor.

To contest the election of Goff, plaintiff in error instituted proceedings provided by Section 572, Revised Statutes of Ohio, and three respectable freeholders were appointed according to law, heard the evidence produced before them and decided in favor of the contestee, Goff. To reverse this decision, petition in error was filed in the common pleas court accompanied by a transcript

of the proceedings in the probate court and what purports to be a bill of exceptions allowed by the probate "court" and signed by the probate judge as the "trial judge." The common pleas court struck this bill of exceptions from the files, heard the case on the pleadings and the transcript and dismissed the petition in error.

Thereupon petition in error was filed in this court in which it is alleged that the common pleas court erred:

1st. In striking the bill of exceptions from the files.

2d. In dismissing the petition.

3d. Other errors appearing of record.

To sustain the judgment of the common pleas court counsel for defendant in error has argued three propositions:

1. The proceedings to contest the election was a special proceeding before a special tribunal composed of the three freeholders and the bill of exceptions should have been allowed, if at all, and signed by said freeholders.

2. The proceedings before the tribunal were political rather than judicial, and its findings are final and not reviewable on error.

3. The decision of the tribunal was in accordance with the law and the facts.

An examination of the first and second propositions has left the court in doubt.

A majority of the court is of the opinion that by the wording of the statutes the three freeholders and the probate judge constitute a special tribunal for the trial of such contested election cases, and that the decision of said tribunal is final and not reviewable on error, but as such conclusion has been reached with much hesitancy, and is not unanimously concurred in, it would be profitless to discuss the matter at length, in view of the further fact that the court has examined the bill of exceptions and considered the merits of the finding by the freeholders.

It appears that May 21, 1902, the city of Cleveland filed with the county commissioners an application for the annexation to it of the second ward of Glenville. These proceedings were under Section 1615, Revised Statutes, and the statutes made part

thereof by reference.    The first part of said section reads as follows:

"Section 1615. When a city and village adjoin each other, and the inhabitants of any portion of the territory constituting a part of said village desire to be detached therefrom and annexed to such city, the commissioners of the proper county, on the application of the council of the city, and on the written request of two-thirds of the legal voters inhabiting the territory proposed to be so annexed, may cause such alterations to be made, and the boundaries of such city, and said village, respectively, to be established in accordance with such application and request, and such territory shall thereafter constitute a part of such city, *provided,* that in all their proceedings in the premises, the county commissioners shall, as far as applicable, be governed by the provisions of this division, prescribing the manner of proceeding on applications for the annexation of adjacent unincorporated territory to villages and cities; and provided further, that the commissioners shall ascertain and apportion the amount of the existing indebtedness of the village, which shall be assumed and paid by the city on the annexation of the territory aforesaid."

Sections 1589 to 1598 inclusive are the provisions of "this division, prescribing the manner of proceeding on application for the annexation of adjacent unincorporated territory to villages and cities," referred to above, and they provide that a final transcript of the proceedings of the commissioners being filed with the clerk of the city to which annexation is proposed (1590) at the next regular session of the council of such city after the expiration of sixty days from such filing, the clerk shall lay the transcript and accompanying map and petition before the council, and thereupon the council shall by resolution or ordinance, accept or reject the application for annexation (1591), and when the resolution or ordinance accepting such annexation has been adopted, the territory shall be deemed a part of the city or village (1597).

It appears that the final order of the county commissioners apportioning the indebtedness of the city and village was made February 21, 1903, and filed with the city clerk February 23, 1903.

Sixty days thereafter, the earliest time within which said transcript could be presented to the city council by the clerk (1591) would be April 24, 1903. The election contested was held April 6, 1903, and before said annexation could be accepted and the territory deemed a part of the city of Cleveland and no longer a part of the village (now city) of Glenville, in accordance with Section 1597, Revised Statutes, if said section applies to this case.

It is contended by plaintiff in error that this section does not apply because it comes in as a part of Section 1515, only under the language "provided, that in all their *proceedings* in the premises, the county commissioners shall be governed," etc.— that the action of the city council is no part of the *proceedings* of the commissioners, that the proviso affects the procedure of the commissioners alone and that if their procedure was regular, as it is admitted to be, then, under Section 1615, the commissioners having finished all they had to do in the premises by February 21, 1903, such territory thereafter constituted a part of the city of Cleveland.

We consider this contention one of those technical objections about which Judge Spear speaks in the annexation case of *Shugars* v. *Williams*, 50 O. S., 297, when he says:

"In the practical administration of justice mere technical objections have to give way to substance."

We quote further from Judge Spear as to his views of the annexation statutes:

"It is manifest that one of the purposes of this legislation is to provide for the addition of territory by the joint action of the village council and the county commissioners, and it would seem that, giving effect to all these sections, a scheme has been mapped out which, though not altogether coherent in its parts, will, nevertheless practically reach the end intended."

This language is applicable to the case at bar. In adjusting the indebtedness of the city and village, the county commissioners ordered the city to pay the village the sum of $19,543.22 and to assume a large floating indebtedness of the village. On account of this large charge the city council might have deemed the an-

nexation inadvisable and for that reason, or for some other reason, have rejected the application for annexation.    (Section 1591.)

Section 1592 provides that "If the resolution or ordinance is to reject such application, no further proceedings shall be had; but such rejection shall not be a bar to any application thereafter to the county commissioners on the same subject." The further proceedings referred to are the filing by the city clerk of two certificates of the annexation proceedings, one with the county recorder and the other with the secretary of state. We think that Section 1592 means that no further proceedings shall be had by the city council, the county commissioners or any one claiming under or by virtue of the action of either, so that citizens of the territory to be annexed, claiming that action of the county commissioners in favor of the annexation constituted such territory thereafter a part of the city, must of necessity abandon such claims upon the rejection of the ordinance of acceptance by the city council. So the plaintiff in this action, claiming to be an elector of Glenville, by Section 1591, upon rejection of the ordinance by the city council, would be barred from all further rights or privileges based upon the action of the county commissioners. Construing together all the statutes applicable to the annexation proceedings here in question we are of the opinion that the general scheme intends that the annexation by the county commissioners of part of a village to an adjacent city upon application of the city council and written request of two-thirds of the voters of the territory to be annexed, shall not be completed until the city council has, by ordinance or resolution, accepted the annexation as provided in Section 1591, Revised Statutes. It not appearing in this case that such ordinance or resolution was passed by the council of the city of Cleveland before the spring election for mayor of Glenville in 1903, on said election day the second ward of Glenville was still a part of Glenville and the voters of said second ward were entitled to vote for mayor of Glenville, and the contestee, F. H. Goff, defendant in error in this case, was duly elected mayor thereof as found by the freeholders.

The petition in error is therefore dismissed.